UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RONNIE AARON, a/k/a Ronnie Bazile,
<u>Plaintiff-Appellant,</u>

v.

BALTIMORE RAVENS, INCORPORATED;

No. 99-2434

NATIONAL FOOTBALL LEAGUE
PROPERTIES, INCORPORATED; ART
MODELL,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-2165-JFM)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronnie Aaron, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ronnie Bazile[1] seeks to appeal the district court's order dismissing his copyright infringement action. We dismiss the appeal for lack of jurisdiction because Bazile's notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 2, 1999.[2] Bazile's notice of appeal was filed on October 13, 1999[3]; his notice was accompanied by a declaration that he did not receive the court's order until September 30, 1999. The district court construed this declaration as a motion to extend the time to note an appeal and granted that motion.

_____

[1] We refer to the Appellant as "Ronnie Bazile" rather than "Ronnie Aaron" because he has indicated that he prefers the name "Bazile."

[2] Although the district court's order is marked as "filed" on July 29, 1999, the district court's records show that it was entered on the docket sheet on August 2, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[3] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

The court was without jurisdiction to enter such an order under Fed. R. App. P. 4(a), as Bazile mailed his notice of appeal more than thirty days after the time for appealing lapsed and more than seven days after he claims to have received the court's order. Thus, the court's order granting an extension of time was improper, and Bazile failed to file a timely notice of appeal. Accordingly, we dismiss the appeal. We also deny Bazile's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3